116 F.3d 483
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FINANCIAL NORTHEASTERN CORPORATION, Plaintiff-Appellant,
v.
Donald S. ANGELO, d/b/a Gerlach & Co., Inc., or as Gerlach &
Company, or as Gerlach & Company Antiques, Collectibles &
Jewelry, or as Gurlac and Co., Inc., or as Gurlac and
Company; Frank Chung, a/k/a Daniel Torian; Gurlac and Co.,
Inc., a corporation; Union Bank, Defendants-Appellees.
 No. 95-56863.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted June 4, 1997.
Decided June 19, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-94-02594-RG; Richard A. Gadbois, Jr., District Judge, Presiding. Argued and submitted June 4, 1997
 Before: SCHROEDER, BRUNETTI and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Financial Northeastern Corporation ("FNC") appeals the district court's grant of summary judgment in favor of Union Bank in FNC's diversity action alleging that Union Bank mishandled wire transfers into the account of Defendant Gurlac and Co. ("Gurlac"), a corporation used by Defendants Angelo and Chung to defraud FNC of $ 1.4 million. The district court's grant of summary judgment for Union Bank finally resolved all claims against all parties, and we have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 3
 Regulation J exclusively governs the rights and obligations of parties to funds transfers through Fedwire. See 12 C.F.R. § 210.25(b)(2)(1996). Because FNC's negligence claims all have to do with the rights of the parties to the wire transfer, they are preempted by Regulation J. See Donmar Enterprises v. Southern National Bank of North Carolina, 64 F.3d 944, 949-50 (4th Cir.1995).
 
 
 4
 The district court correctly rejected FNC's claims in Counts V, VI, and VII of the amended complaint for the reasons stated in the conclusions of law adopted by the district court. See Conclusions of Law, Nos. 2-4. The district court correctly rejected FNC's claim in Count VIII because the payment order was accepted when Union Bank notified the beneficiary that payment had been received and credited the beneficiary's account. See 12 C.F.R. § 210.31(b) (1996); cf. Conclusion of Law No. 5 (employing same rationale but citing Art. 4A Sec. 209(b)(1)).
 
 
 5
 No genuine issue of material fact remained. Although there may be a genuine issue as to whether the account was closed on February 24, 1995, that issue is not material because even if the account was closed, the bank's acceptance of the transfer was effective when the bank notified the beneficiary that the order had been received. See 12 C.F.R. § 210.31(b)(1996).
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3